UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDGAR ROSALES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11149** |
| **BUNZZY'S ENTERPRISE REALTY LLC, ET AL** | **SECTION "L" (5)** |

ORDER & REASONS

Before the Court is Defendants Bunzzy's Enterprise Realty, LLC, Johnell Hollins, Sr., and Lisa Hollins' Motion to Dismiss.  (Rec. Doc. No. 36)  For the following reasons, the Defendants' motion is GRANTED.

I.     BACKGROUND

This case arises out of an accident that allegedly occurred on December 1, 2006. Defendant Bunzzy's Enterprises Realty (a Louisiana limited liability company) ("Bunzzy's") was remodeling a property located at 2622 Cleveland Avenue, in New Orleans, Louisiana. Johnell and Lisa Hollins are the members of Bunzzy's and the owners of the property on Cleveland Avenue.  Edgar Rosales was employed by Bunzzy's to perform general labor for the Defendants, and, in the course of his employment, was injured while using a table saw.   Mr. Rosales alleges that the safety guard device was removed from the table saw, and as a result, he cut off two of his fingers and lost the use of a third finger.

Mr. Rosales and his wife, Cecilia Rosales,  filed this lawsuit on December 19, 2006, alleging negligence.  Plaintiffs' damages allegedly include loss of income, medical expenses and costs, pain and suffering, emotional distress, mental anguish, temporary and permanent disability, expenses relating to psychological therapy, loss of limb, loss of chosen profession,

loss of consortium, and loss of quality of life.  The Plaintiffs filed an Amended Complaint to add a claims of negligence per se and intentional tort on May 11, 2007.  (Rec. Doc. No. 11)  On May 22, 2007, the claims of Cecilia Rosales were dismissed without prejudice.  (Rec. Doc. No. 16)

The Defendant now moves to dismiss the Plaintiff's suit arguing that the Court lacks jurisdiction and/or that the Plaintiff has failed to state a claim on which relief can be granted.  Specifically, the Defendant argues that a plaintiff's exclusive remedy for a personal injury caused by an accident arising out of and in the course of his employment is through the Louisiana Worker's Compensation Act.  The Defendant argues that the Plaintiff was an employee of the Defendant and has failed to show that his claims fall within the intentional acts exceptions.

The Plaintiff opposes the motion and argues that the Defendants' actions do fall within the intentional act exception to the Louisiana Workers' Compensation Act.  Defendant Johnell Hollins, according to the Plaintiff, committed an intentional act when he removed the safety guard on the table saw on which the Plaintiff was injured.  Further, the Plaintiff argues that the removal of the safety guard was a violation of OSHA safety regulations and therefore the Defendant has committed negligence *per se*.

## II.     LAW & ANALYSIS

The Defendants have moved to dismiss the complaint arguing that the Plaintiffs have failed to state a cause of action or that the Court lacks jurisdiction; the Court will treat the Defendants' motion as a Rule 12(b)(6) motion.  "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court

must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

In Louisiana, an employee's exclusive remedy for an injury that occurred in the course and scope of his employment is worker's compensation. La. Rev. Stat. 23:1032. However, when an employee's injury is the result of an intentional act, the employer can no longer rely on this exception to tort immunity. La. Rev. Stat. 23:1032(B). "An act is considered intentional whenever the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." *Snow v. Lenox Inter.*, 662 So.2d 818, 820 (La. App. Ct. 1995) (quoting *Bazley v. Tortorich*, 397 So.2d 475 (La. 1981)) (quotation marks omitted). The term "substantial certainty" has been interpreted to mean inevitable, virtually sure and incapable of failing. *Id.* (citing *King v. Schuylkill Metals Corp.*, 581 So.2d 300 (La. App. Ct. 1st Cir. 1991)). The intentional act exception is a narrow one. *Allen v. Orleans Elec. Const., Inc.*, 2008 WL 505005, *4 (E.D. La. Feb. 21, 2008).

Louisiana court have distilled four situations that almost universally do not form the basis of an intentional tort: failure to provide a safe place to work, poorly designed machinery, failure to follow OSHA safety provisions, failure to provide requested safety equipment, and failure to correct unsafe working conditions. *Zimko v. American Cyanamid*, 905 So.2d 465, 477 (La. App. Ct. 2005) (citing 12 William E. Crawford, Louisiana Civil Law Treatise, Tort Law 23.3 (2000)).

The Plaintiff argues that he has sufficiently alleged an intention act in two ways.[1]  First, the Plaintiff argues that Defendant Johnell Hollins intentionally removed a safety guard from a table saw and this intentional act was the cause of the Plaintiff's injuries.  Second, that by removing the safety guard, the Defendants violated the relevant OSHA regulations and, therefore, he has a valid claim for negligence *per se*.

Addressing the Plaintiff's arguments out of turn, Louisiana courts have consistently held that an alleged violation of OSHA is insufficient to invoke the intentional act exception.  *See*, *e.g.*, *Perret v. Cytec Industries, Inc.*, 889 So.2d 1121 (La. App. Ct. 2004) ("Our courts have held that allegations of ... disregard of OSHA safety provisions ... [is] not sufficient to invoke the intentional act exception ... absent proof ... of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff."); *Muton v. Blue Marlin Specialty Tools, Inc.*, 799 So.2d 1215, 1219 (La. App. Ct. 2001) (same).  As a result, the Plaintiff's argument is unpersuasive.

The Plaintiff did not allege in his complaint that the Defendants either desired the consequences of their act or knew that the result was substantially certain to follow.  Instead, the Plaintiff alleged only that the Defendants were negligent or grossly negligent in their actions.  While in his amended complaint, the Plaintiff added a claim for negligence *per se* based on the Defendants' alleged violation of OSHA standards, as stated above, that is insufficient to utilize the intentional act exception.  Indeed, the Plaintiff testified that he did not believe that the Defendants intended to cause his injury.  Nor has the Plaintiff provided specific evidence to show that his injuries were substantially certain to follow.  Accordingly, the Court finds that the

---

[1]  There appears to be no question that the Plaintiff was an employee of the Defendants and, if the intention act exception does not apply, then his only remedy is through the Workers' Compensation Act.

Plaintiff cannot state a cause of action and his exclusive remedy is workers' compensation.

## III.     CONCLUSION

Accordingly, the Defendants Bunzzy's Enterprise Realty, LLC, Johnell Hollins, Sr., and Lisa Hollins' Motion to Dismiss is GRANTED and the Plaintiff's claims are hereby DISMISSED.

New Orleans, Louisiana this 18th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE